

Patrick D. West, Esq.
Patrick D. West, Attorney
4420 W. Vickery Blvd., Suite 100
Fort Worth, TX 76107-6259
(817) 332-2600   (817) 332-2605 fax

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | |
|---|---|
| **WENDY BITTICK,** PLAINTIFF<br><br>VS.<br><br>**EXPERÍAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC and EQUIFAX INFORMATION SERVICES, LLC** DEFENDANTS | CIVIL ACTION N°<br><br><br>COMPLAINT<br><br>**4-05CV-405-Y** |

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**NOW INTO COURT**, through undersigned counsel, comes WENDY BITTICK (f/k/a WENDY MCLEMORE), Plaintiff in the above entitled and captioned matter, who respectfully prays for Judgment of this Honorable Court against defendant, as set forth in the following complaint, as follows:

### *PLAINTIFF*

1. Plaintiff, WENDY BITTICK, is a major domiciliary of Weatherford, Texas, and a victim of repeated acts of false credit reporting. Plaintiff is now married and was formerly known by her maiden name, WENDY MCLEMORE.

### *DEFENDANTS*

2. Made Defendants herein are EXPERÍAN INFORMATION SOLUTIONS, INC., which may also hereinafter be referred to as "EXPERÍAN," a foreign corporation authorized to do and

doing business in the State of Texas; TRANS UNION, LLC ["TRANS UNION"], a foreign corporation authorized to do and doing business in the State of Texas, with its principal place of business in Chicago, Illinois; and EQUIFAX INFORMATION SERVICES, LLC ["Equifax"], a foreign corporation authorized to do and doing business in the State of Texas, with its principal place of business in Atlanta, Georgia.

## *JURISDICTION OF THE COURT AND VENUE*

3. Plaintiff respectfully asserts that this Honorable Court has jurisdiction in this case arises under federal law. 28 U.S.C. 1331. Further, the matter in controversy exceeds $75,000.00, exclusive of costs and interest and the parties to these proceedings are citizens of different states. 28 U.S.C. 1332. Plaintiff also asserts actions under states' laws which may be brought within the supplemental jurisdiction of this Court and Plaintiff respectfully requests that this Honorable Court exercise supplemental jurisdiction over said claims. 28 U.S.C. 1367. Venue is proper in this District as the Defendant resides in this judicial district. 28 U.S.C. 1391(b),(c).

## *REQUEST FOR EXEMPLARY/PUNITIVE DAMAGES*

4. Plaintiff respectfully requests that this Honorable Court instruct the jury, as the trier of facts, that in addition to actual or compensatory damages, punitive or exemplary damages may be awarded against the Defendant under the provisions of the Fair Credit Reporting Act and/or states' laws, including Texas.

## *REQUEST FOR COSTS OF LITIGATION AND ATTORNEY FEES*

5. Plaintiff respectfully requests that this Honorable Court award plaintiff her litigation expenses and other costs of litigation and reasonable attorney fees incurred in this litigation, in accordance with the provisions of the Fair Credit Reporting Act and/or other laws.

## *GENERAL FACTUAL BASIS*

6. In this action, Defendants, EXPERIAN, TRANS UNION and EQUIFAX, prepared, issued, assembled, transferred and otherwise reproduced consumer reports, regarding Plaintiff, as defined in the Fair Credit Reporting Act. 15 U.S.C. 1681a.

7. EXPERIAN, TRANS UNION and EQUIFAX have access to and prepare consumer credit reports from the same data pool, in the same database, and both have duties to each consumer, about whom they report, as provided in the Fair Credit Reporting Act.

8. EXPERIAN's, TRANS UNION's and EQUIFAX's subscribers, including Associates and Citifinancial, have repeatedly supplied credit account information to EXPERIAN, TRANS UNION and EQUIFAX. EXPERIAN, TRANS UNION and EQUIFAX have attributed certain data to plaintiff.

9. EXPERIAN, TRANS UNION and EQUIFAX routinely permit authorized user reportings to be added to their credit reporting database with no identification information other than the alleged authorized user's name, as ostensibly listed on a credit application or signatory page by the creditor.

10. Consequently, when subsequent credit data is sought to be matched and paired to the proper

consumer, the target of an incoming inquiry, EXPERIAN, TRANS UNION and EQUIFAX are unable to properly and lawfully match the authorized user account reporting to the correct file and person.

11. The subsequent consumer reports prepared are inaccurate and caused damage to the target of the inquiry, who more likely than not, is not the correct consumer to whom the "authorized user" account reporting should be attributed.

12. This is a common and known problem to EXPERIAN, TRANS UNION and EQUIFAX.

## *2001*

13. In May 11, 2001, plaintiff learned of and began disputing inaccurate, negative data appearing in her EXPERIAN, TRANS UNION and EQUIFAX consumer credit reports. Plaintiff disputed the inaccuracies to EXPERIAN, TRANS UNION and EQUIFAX by written letter and by completing each of the credit reporting agencies required investigative request forms. (In fact, she completed and submitted investigative request forms several times). She also notified the individual creditors appearing with inaccurate notations in her credit report.

14. More specifically, Plaintiff disputed, in writing, inaccurate, negative data appearing in her EXPERIAN, TRANS UNION and EQUIFAX consumer credit reports to EXPERIAN, TRANS UNION and EQUIFAX. EXPERIAN, TRANS UNION and EQUIFAX had reported, and continues to report, that an Associates/Citifinancial credit card account was "included in or discharged through Bankruptcy Chapter 7, 11 or 12."

15. In the same dispute, Plaintiff advised EXPERIAN, TRANS UNION and EQUIFAX that it appeared that EXPERIAN had been mixing consumer credit and public records data pertaining to another consumer into the consumer credit reports which EXPERIAN, TRANS UNION and EQUIFAX prepared and published about plaintiff.

16. Despite plaintiff's disputes, EXPERIAN, TRANS UNION and EQUIFAX continued to report and to this day continues to report an inaccurate Chapter 7 bankruptcy public records item, listed an Assoc/Citi credit card account. The report also listed a wealth of other inaccurate and damaging information.

17. Plaintiff does not know and is not related to the Wendy McLemore with whom the Defendants have Plaintiff confused. Plaintiff's social security number is different from the social security number of the Wendy McLemore with whom the Defendants have Plaintiff confused. The Wendy McLemore with whom the Defendants have Plaintiff confused resides in Tennessee. Plaintiff has never resided in Tennessee and has no known family living in Tennessee.

18. EXPERIAN claimed they conducted an investigation and insisted the information was correct. At no time during her various communications with EQUIFAX and EQUIFAX did EQUIFAX or EQUIFAX ever contest the fact that the disputed information was being improperly attributed to plaintiff.

*2002*

19. Plaintiff also included a letter dated April 22, 2002 from Cardmember Services advising they had forwarded an update to the three major credit bureaus instructing them to have the

disputed account deleted from Plaintiff's credit report and noting further, "The bankruptcy information was reported in error."

20. EXPERÍAN, TRANS UNION and EQUIFAX were all well aware that plaintiff and the Wendy McLemore with whom they have her confused are two different and unrelated persons, who have no connection with each other whatsoever and do not even know each other.

## *2004*

21. In securing her credit reports, Plaintiff learned that EXPERÍAN, TRANS UNION and EQUIFAX were continuing to report the false and inaccurate information which she had been disputing for over three years. Despite her efforts, the false consumer credit report prepared and published by EXPERÍAN, TRANS UNION and EQUIFAX continued to contain and report the previously disputed, inaccurate, derogatory data.

22. In August 2004, Plaintiff again disputed the inaccurate information contained in her credit report to EXPERÍAN, TRANS UNION and EQUIFAX. Again, EXPERÍAN, TRANS UNION and EQUIFAX ignored the dispute and gave no indication that they were opening an investigation.

23. Plaintiff recently secured credit reports from EXPERÍAN, TRANS UNION and EQUIFAX. All reported the same inaccurate and disputed derogatory data..

24. EXPERÍAN, TRANS UNION and EQUIFAX likewise had failed to address several other accounts which Plaintiff had disputed as either not belonging to her or having no negative

payment history.

## DENIALS OF CREDIT

25. In May 2001, plaintiff was again trying to obtain an extension of consumer credit from Bank of America.

26. Bank of America requested and obtained consumer credit reports from the consumer reporting agencies.

27. The reports provided were replete with false information, all as alleged hereinabove.

28. The Bank of America credit report listed the same, false Chapter 7 bankruptcy public records item and other inaccurate and derogatory data.

29. Plaintiff could not obtain any form of credit or financing based upon the continued false credit reportings by EXPERIAN, TRANS UNION and EQUIFAX.

30. Plaintiff again contested the false reportings to EXPERIAN, TRANS UNION and EQUIFAX.

31. On or about June 2001, EXPERIAN verified the information as correct.

32. EQUIFAX and EQUIFAX were again to have corrected and separated the consumer credit reports of plaintiff and the Wendy McLemore with whom they had her confused. They failed to do so.

33. On December 17, 2001, plaintiff sought an extension of consumer credit from Citifinancial.

Her credit application was denied.

34. Citiinancial denied plaintiff credit, based upon a false consumer credit reports which contained the previously disputed, inaccurate, derogatory data, including a Chapter 7 bankruptcy public records item.

35. Citifinancial specifically denied plaintiff credit, based upon the reporting of the previously disputed, inaccurate Chapter 7 bankruptcy public records item.

36. On January 10, 2002, plaintiff sought a residential mortgage through BNC Mortgage. BNC Mortgage requested and obtained a mortgage credit report prepared and published by defendants. BNC Mortgage reviewed the report and advised plaintiff that it was not possible to obtain a mortgage for her due to a bankruptcy appearing on file.

## *2002*

37. In March 2002, plaintiff continued to seek an extension of consumer credit and mortgage from and through CBC Mortgage. Her credit and mortgage application was denied.

38. Plaintiff's credit and mortgage request was rejected and denied based upon a false consumer credit report prepared and published which contained the previously disputed, inaccurate, derogatory data.

## *ADDITIONAL FACTS*

39. Plaintiff has never filed a bankruptcy.

40. Plaintiff is not related to and does not know anyone in Tennessee named Wendy Bittick or

Wendy McLemore.

41. Plaintiff does not have a charge-off account with Associates or Citifinancial.

42. Plaintiff's credit, credit reports and ratings were good prior to the events described herein.

43. False data, including trade line reportings, fraud-related inquiries, and personal identification data, and false credit scores and risk factors/denial codes have been repeatedly generated and provided by defendant to third party subscribers to its respective services, as shown in the inquiry logs in the credit reports of and concerning plaintiff.

44. The false reportings caused plaintiff to suffer credit and utility denials, embarrassment, mental anguish, inconvenience and other pecuniary and non-pecuniary damages.

45. Despite diligent and costly efforts by Plaintiff, her credit reports continued to contain the false and damaging information.

46. Plaintiff is a consumer.

47. Plaintiff has suffered damages due to the tortious and illegal actions or inactions directed at Plaintiff by Defendant.

48. In this action, Defendants, EXPERÍAN, TRANS UNION and EQUIFAX, is a consumer reporting agency as defined in the Fair Credit Reporting Act. 15 U.S.C. 1681a.

49. In this action, Defendants, EXPERÍAN, TRANS UNION and EQUIFAX, prepared, issued, assembled, transferred and otherwise reproduced consumer reports, regarding Plaintiff, as defined in the Fair Credit Reporting Act. 15 U.S.C. 1681a.

50. EXPERÍAN, TRANS UNION and EQUIFAX maintain a contract with smaller affiliate bureaus and subscribers, wherein they share data and other assets.

51. EXPERÍAN, TRANS UNION and EQUIFAX allow their credit reporting database, which takes in, warehouses, maintains and manipulates data supplied by their subscribers, to be accessed by their affiliate bureaus and subscribers.

52. EXPERÍAN, TRANS UNION and EQUIFAX and their affiliate bureaus and subscribers have access to consumer credit reports, prepared by EXPERÍAN, TRANS UNION and EQUIFAX, from the same data pool, in the same database, and EXPERÍAN, TRANS UNION and EQUIFAX has duties to each consumer, including plaintiff, about whom they report, as provided in the Fair Credit Reporting Act.

53. EXPERÍAN's, TRANS UNION's and EQUIFAX's subscribers have repeatedly supplied consumer credit data to EXPERÍAN, TRANS UNION and EQUIFAX about third persons, including Wendy McLemore from Tennessee, and EXPERÍAN, TRANS UNION and EQUIFAX had improperly and illegally attributed said data to plaintiff.

54. Plaintiff advised EXPERÍAN, TRANS UNION and EQUIFAX, on multiple occasions, of the false data and demanded that the data be removed from its consumer reports and files of and concerning plaintiff.

55. EXPERÍAN, TRANS UNION and EQUIFAX failed to employ reasonable procedures to properly reinvestigate plaintiff's disputes and EXPERÍAN, TRANS UNION and EQUIFAX continued to prepare and issue false consumer reports.

56. EXPERIAN, TRANS UNION and EQUIFAX misrepresented information to plaintiff and further concealed information from plaintiff.

57. EXPERIAN, TRANS UNION and EQUIFAX took inadequate action to correct plaintiff's consumer reports or delete the false data or otherwise conduct an appropriate, lawful reinvestigation.

58. Likewise they failed to take necessary and reasonable steps to prevent further inaccuracies from entering plaintiff's credit file data and such false data continued to be posted as new consumer credit reports were prepared, issued and disseminated by EXPERIAN and relayed for further use, reliance and publication by their subscribers.

59. EXPERIAN, TRANS UNION and EQUIFAX failed to adopt and follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer credit reports, as required by the Fair Credit Reporting Act, which they compiled, used and manipulated. EXPERIAN prepared and published false consumer credit reports, credit scores, risk factors/denial codes and other economic and prediction data evaluations about plaintiff.

60. EXPERIAN, TRANS UNION and EQUIFAX failed to adopt and follow reasonable procedures to assure the proper reinvestigation, accuracy, deletion and/or suppression of false data appearing on Plaintiff's consumer reports and as contained in their consumer reporting data bank, as required by the Fair Credit Reporting Act.

61. EXPERIAN, TRANS UNION and EQUIFAX through its fault, as described herein, caused great and irreparable injury to Plaintiff herein.

62. Further, EXPERIAN's, TRANS UNION's and EQUIFAX's reinvestigations failed to result in corrections.

## COUNTS

### Count 1—All Defendants–Negligence

63. Defendants owed duties of reasonable care to plaintiff.

64. Defendants failed to exercise reasonable care and prudence in the matching of consumer credit data, preparation and publication of consumer credit reports, in preparing and publication of each subsequent reporting and re-reporting, the handling and reinvestigation of data about plaintiff, all made the subject of this Lawsuit, and which consequently caused damaged plaintiff.

### Count 2–Defendants–Defamation

65. Defendants recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning Plaintiff with reckless disregard for the truth of the matters asserted.

66. Defendants' publishing of such false and inaccurate information has severely damaged the personal and consumer reputation of Plaintiff and caused severe humiliation, emotional distress and mental anguish to plaintiff.

67. Defendants was notified of inaccuracies by plaintiff however, the defendant continued to issue and/or publish report(s) to third parties which contained inaccurate information about Plaintiff.

68. Defendants have, with willful intent to injure and/or maliciously, defamed Plaintiff.

### *Count 3—Defendants—Fair Credit Reporting Act, 1681e[b]*

69. Defendants failed to adopt and follow "reasonable procedures" to assure the maximum possible accuracy of Plaintiff's consumer credit and other personal information, as required by the Fair Credit Reporting Act, which they compiled, used and manipulated, in order to prepare consumer credit reports, credit scores, risk factors/denial codes and other economic and prediction data evaluations.

70. Defendants have continually added, stored, maintained and disseminated personal and credit information, in consumer reports it prepared and issued, about the Plaintiff which was inaccurate, false, erroneous and misleading despite notice from the plaintiff and subscribers that such information was inaccurate.

71. Defendants have willfully, or alternatively, negligently, violated the Fair Credit Reporting Act, 15 U.S.C. 1681e[b], on multiple occasions.

### *Count 4—Defendants—Fair Credit Reporting Act, 1681i[a]*

72. Plaintiff advised Defendants, on multiple occasions, of the false data and demanded that the data be removed from Defendants' consumer reports and data files.

73. Defendants failed to properly reinvestigate plaintiff's disputes and Defendants continued to prepare and publish false consumer reports.

74. Defendants were very aware of plaintiff's disputes, as well as their inadequate and illegal

reinvestigation and EXPERIAN, TRANS UNION and EQUIFAX chose to leave disputed, false data as attributable to plaintiff.

75. Defendants failed to use reasonable procedures to reinvestigate plaintiff's disputes and, likewise, took inadequate action to correct plaintiff's consumer reports or delete the false data or otherwise conduct an appropriate, lawful reinvestigation.

76. Defendants failed to take necessary and reasonable steps to prevent further inaccuracies from entering plaintiff's credit file data and such false data continued to be posted as new consumer credit reports were prepared, issued and disseminated by Defendant and relayed for further use, reliance and publication by their subscribers.

77. Defendants failed to adopt and follow reasonable procedures to assure the proper reinvestigation, accuracy, deletion and/or suppression of false data appearing on plaintiff's consumer reports and as contained in their consumer reporting data bank, as required by the Fair Credit Reporting Act.

78. Further, on several occasions, Defendants willfully misrepresented information to plaintiff.

79. Defendants have willfully, or alternatively, negligently, violated the Fair Credit Reporting Act, 15 U.S.C. 1681i[a], on multiple occasions.

### *Additional Allegations*

80. The above and foregoing actions, inactions and fault of defendants, as to each and every count, have proximately caused a wide variety of damages to plaintiff.

81. Defendants' false credit reporting about plaintiff have been a substantial factor in causing credit denials and other damages.

82. Defendants have negligently and/or willfully violated various provisions of the Fair Credit Reporting Act and is thereby liable unto plaintiff.

83. Defendants are liable unto plaintiff for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, credit denials, costs and time of repairing their credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, attorney fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

WHEREFORE PLAINTIFF, WENDY BITTICK, PRAYS that after all due proceedings be had there be judgment herein in favor of Plaintiff and against Defendant, as follows:

1. That there be Judgment in favor of WENDY BITTICK and against EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC and EQUIFAX INFORMATION SERVICES, LLC for all reasonable damages sustained by Plaintiff including but not limited to actual damages, compensatory damages, out-of-pocket expenses, credit denials, costs and time of repairing their credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety

and security, and for punitive/exemplary damages, attorney fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid; and

2. That this Honorable Court order the consumer reporting agency-defendant, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC and EQUIFAX INFORMATION SERVICES, LLC to reinvestigate and correct the credit report(s), data emanations, and credit histories of and concerning Plaintiff and any of plaintiff's personal identifiers.

FURTHER PRAYS for all such additional, general and equitable relief as may be necessary and proper in the premises.

Respectfully submitted,

Patrick D. West
A T T O R N E Y

_____
Patrick D. West                        SBN 21205050
4420 W. Vickery Blvd., Suite 100       817-332-2600
Fort Worth, Texas 76107-6259           (Fax) 817-332-2605
Attorney for Plaintiff
**WENDY BITTICK**