UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **WENDY BITTICK** | § § | |
| **PLAINTIFF,** | § § | |
| **EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC AND EQUIFAX INFORMATION SERVICES, LLC** | § § § § § | **CIVIL ACTION NO. 4-05-CV-405-Y** |
| **DEFENDANTS.** | § § | |

## DEFENDANT TRANS UNION LLC'S 12(b)(6) MOTION TO DISMISS

Trans Union LLC ("Trans Union") files its Motion to Dismiss and pursuant to Federal Rule of Civil Procedure 12(b)(6) would show the Court as follows:

### I. BACKGROUND

In this lawsuit, Plaintiff alleges that Defendant Trans Union, a consumer reporting agency, reported inaccurate information on Plaintiff's consumer file, failed to adopt and follow reasonable procedures in preparing a consumer report on Plaintiff, and failed to properly reinvestigate Plaintiff's disputes regarding her consumer file. Plaintiff brings claims against Trans Union for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681(i), § 1681(e), negligence, and defamation. In accordance with Rule 12(b)(6), Trans Union asks this Court to dismiss Plaintiff's Complaint.

### II. APPLICABLE LEGAL STANDARD

A court must dismiss a claim when it is clear that even taking all allegations as true, a plaintiff can prove no set of facts that will entitle him to relief. *See Ledbetter v. City of Topeka,* 318 F.3d 1183, 1187 (10th Cir. 2003); *Oliver v. Scott,* 276 F.3d 736, 740

(5th Cir. 2002); *First Fin. Fed. Sav. & Loan Assoc. v. E.F. Hutton Mortg. Corp.*, 834 F.2d 685, 686 (8th Cir. 1987).

### III. FACTUAL RECITATION

Plaintiff alleges that on May 21, 2001, she learned that inaccurate information was appearing on her Trans Union consumer report. (Comp. ¶ 13.) Specifically, Plaintiff alleges an Associates/Citifinancial credit card account ("the Account") appeared erroneously on her consumer report with an "included in or discharged through Bankruptcy Chapter 7, 11, or 12" notation. (Comp. ¶ 14.) Plaintiff alleges that even after she disputed the Account in 2001 the Defendants continue to report the Account. (Comp. ¶¶ 3, 17.)

Because of the alleged inaccuracies on Plaintiff's consumer file that she learned about in 2001, Plaintiff complains she was denied credit by Bank of America in May of 2001; Citifinancial on December 17, 2001; BNC Mortgage on January 10, 2002; and CBC Mortgage in March of 2002. (Comp. ¶¶ 25, 33, 36, and 37.)

Plaintiff filed her lawsuit on June 27, 2005.

### IV. ARGUMENT AND AUTHORITY

**A.   All of Plaintiff's Claims Are Barred By The Statute of Limitations.**

Both Plaintiff's FCRA claims and state law claims are barred by limitations.

**1.   Plaintiff's FCRA claims are barred.**

Section 1681p[1] of the FCRA provides for a two year statute of limitations after the date of discovery by the Plaintiff. Plaintiff avers that on May 11, 2001 that she

---

[1] "An action to enforce any liability created under this title may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of (1) 2 years after the date of discovery by the plaintiff of

learned that inaccurate information including the Account were appearing on her Trans Union credit report and that she disputed the information to Trans Union at that time. (Comp. ¶ 13.) Plaintiff further alleges that Trans Union continued to report the information. (Comp. ¶ 16.) Because Plaintiff learned of the inaccurate information in May of 2001 and all of her credit denials listed in her Complaint occurred in 2001 and 2002—more than two years ago, Plaintiff's FCRA claims are barred by the statute of limitations. Accordingly, this Court must dismiss Plaintiff's FCRA claims.

### 2. Plaintiff's negligence claim is barred.

The statute of limitations for a negligence claim is also two years. Tex. Civ. Prac. Rem. Code § 16.003(a). For the same reason that Plaintiff's FCRA claims are time barred so is Plaintiff's negligence claim. Thus, this Court must dismiss Plaintiff's negligence claim.

### 3. Plaintiff's defamation claim is barred.

The statute of limitations for a cause of action for defamation is one year from the date on which the cause of action "accrues." Tex. Civ. Prac. Rem. Code § 16.002. Plaintiff filed suit on June 27, 2005; thus, any claim for defamation based on statements contained in credit reports prior to June 27, 2004 are barred. Because of the denials of credit alleged by Plaintiff are prior to June 27, 2004, this Court must dismiss Plaintiff's defamation claim.

## B. Plaintiff's Claim For Injunctive Relief Must Be Dismissed As Well.

Plaintiff seeks injunctive relief against Trans Union under the Fair Credit Reporting Act. (Comp. Prayer p. 16 ¶ 2.) However, Plaintiff's claim is improper

---

the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs.

because private plaintiffs cannot seek injunctive relief under the FCRA.  *See, Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 268 (5th Cir. 2000); *In re Trans Union Corp. Privacy Litig.*, 211 F.R.D. 328, 340 (N.D. Ill. 2002) ("[T]his court agrees with *Washington* that Congress vested the power to obtain injunctive relief solely with the FTC [Federal Trade Commission]"); *Bumgardner v. Lite Cellular, Inc.*, 996 F. Supp. 525, 527 (E.D. Va. 1998) ("Congress's failure to include injunctive relief as a potential remedy, combined with Congress's express delegation of enforcement of the FCRA to the FTC, clearly indicates that Congress did not intend injunctive relief as a remedy"); *Mangio v. Equifax, Inc.*, 887 F. Supp. 283, 284-85 (S.D. Fla. 1995) (holding that private plaintiffs cannot seek injunctive relief under the FCRA because such relief would circumvent the Federal Trade Commission's ("FTC") discretion to enforce the FCRA).

Sections 1681n and 1681o of the FCRA lay out the potential civil liability for noncompliance with the FCRA.  Neither section makes any mention of injunctive relief.  Section 1681s(a) of the FCRA, however, does grant the power to obtain injunctive relief, but only to the FTC.  *See* 15 U.S.C. § 1681s(a) ("Compliance with the requirements imposed under this title shall be enforced under the Federal Trade Commission Act . . . . by the Federal Trade Commission").  The omission of an equitable remedy under Sections 1681n and 1681o is significant because Congress expressly created an equitable remedy under Section 1681s(a).  If Congress had intended to give private plaintiffs the right to seek injunctive relief for noncompliance with the FCRA, it would have expressly created an equitable remedy under Sections 1681n and 1681o.  *Washington*, 199 F.3d at 269; *Mangio*, 887 F. Supp. at 285.

Judge Davis of the Eastern District of Texas recently held that not only is injunctive relief not available under the FCRA, but it is not available at common law either because the FCRA preempts state law to the extent those laws are inconsistent with the FCRA. *Poulson v. Trans Union, LLC*, 370 F.Supp. 2d 592, 593 (E.D. Tex. 2005). Accordingly, this Court must dismiss Plaintiff's claim for injunctive relief in its entirety.

### C. Alternatively, Trans Union Is Afforded Qualified Immunity for Plaintiff's Negligence Claim.

In the unlikely event the Court does not dismiss Plaintiff's negligence claim based on limitations, the Court must still dismiss Plaintiff's negligence claim. Section 1681h(e)[2] of the FCRA provides qualified immunity for consumer reporting agencies on negligence claims.

Judge Sanders of the Northern District of Texas has already held in a well-reasoned opinion that § 1681h(e) preempts state law claims such as negligence. *See Carlson v. Trans Union LLC,* 261 F.Supp. 2d 663-65 (N.D. Tex. 2003). Accordingly, Judge Sanders found that a negligence claim against a consumer reporting agency fails to state a claim upon which relief may be granted. *Id.* at 665.

Because Trans Union is a consumer reporting agency as defined in the Fair Credit Reporting Act, Plaintiff's negligence claim must be dismissed for failure to state a claim upon which relief can be granted. *Id.*; *see also Riley v. GMAC*, 226 F. Supp. 2d

---

[2] "Limitation of liability. Except as provided in sections 616 and 617 [§§ 1681o] of this title, <u>no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency</u>, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 609, 610, or 615 [§§ 1681g, 1681h, or 1681m] of this title or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report, except as to false information furnished with malice or willful intent to injure such consumer.(emphasis added)."

1316, 1322 (S.D. Ala. 2002) (granting 12(b)(6) motion to dismiss state-law negligence claims based on FCRA preemption); *see also Young v. Equifax Credit Info. Servs. Inc.*, 294 F.3d 631, 638 (5th Cir. 2002).

## V. CONCLUSION

For the foregoing reasons, Trans Union respectfully request that the Court dismiss Plaintiff's claims in their entirety.

Respectfully submitted,

**AMANDA STAMPS LEWIS**
Texas Bar #24013553
amanda.lewis@strasburger.com
**STRASBURGER & PRICE, LLP**
901 Main Street, Suite 4400
Dallas, TX 75202
Telephone: (214) 651-4300
Telefax: (214) 659-4104
**PAUL L. MYERS**
Texas Bar #14765100
paul.myers@strasburger.com
**STRASBURGER & PRICE, LLP**
2801 Network Boulevard, Suite 600
Frisco, TX 75034
Telephone: (469) 287-3900
Telefax: (469) 227-6567

**ATTORNEYS FOR DEFENDANT
TRANS UNION LLC**

873329.1/SP2/83057/0388/082205

## CERTIFICATE OF SERVICE

      This document has been electronically filed.  Pursuant to Miscellaneous Order No. 61, Rule 9, this document is being served electronically by the Notice of Electronic Filing automatically generated by the ECF system on each party who is an ECF user.  A courtesy paper copy is also being furnished to the Parties in the manner indicated below:

Patrick D. West              (*via CMRRR*)
Patrick D. West, Attorney
4420 W. Vickery Blvd., Suite 100
Fort Worth, TX  76107-6259
*Counsel for Plaintiff*

_____
**AMANDA S. LEWIS**