IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| WENDY BITTICK | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| EXPERIAN INFORMATION SOLUTIONS, | § | CIVIL ACTION NO. |
| INC., TRANS UNION, LLC AND EQUIFAX | § | 4:05-CV-405-Y |
| INFORMATION SERVICES, LLC | § | |
| | § | |
| DEFENDANTS. | § | |

## ORDER GRANTING MOTION TO DISMISS

Pending before the Court is Defendant Trans Union, LLC's motion to dismiss [doc. # 21], filed August 29, 2005. After consideration of the motion, the response, and the reply, the Court GRANTS the motion. Thus, Bittick's claims against Trans Union are dismissed. *See* FED. R. CIV. P. 12(b)(6).

Trans Union, defendant Experian Information Solutions, Inc., and defendant Equifax Information Services, LLC are consumer reporting agencies. Plaintiff Wendy Bittick filed a complaint against Trans Union, Experian, and Equifax (collectively, "the agencies"), arguing that they reported inaccurate information on her consumer file, failed to adopt and follow reasonable procedures in preparing a consumer report on her, and failed to properly reinvestigate her disputes regarding her consumer file. She brings claims for violations of the Fair Credit Reporting Act (the FCRA),[1] negligence, and defamation. Specifically, she argues that she learned of the agencies' "inaccurate, negative data appearing in her . . . consumer credit reports" on May 11, 2001. Apparently, the agencies had confused Bittick with another consumer with a similar name who lived in another state. Despite her attempts to correct the error, the agencies

---

[1] 15 U.S.C.A. §§ 1681b, 1681e, 1681i (West 1998 & Supp. 2005).

failed to properly investigate and failed to correct the report.  Based on the agencies' requested reports, Bittick was denied credit in May 2001 by Bank of America, in December 2001 by Citifinancial, in January 2002 by BNC Mortgage, and in March 2002 by CBC Mortgage.  In August 2004, Bittick again reported the incorrect information on her reports to the agencies.

Bittick filed suit against the agencies on June 27, 2005.  Trans Union filed a motion to dismiss under Rule 12(b)(6), arguing that Bittick's claims are barred by the applicable statute of limitations and that her injunctive-relief claim is improper.

"A motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982), *cert. denied*, 459 U.S. 1105 (1983).  The Court must accept as true all well-pleaded, nonconclusory allegations in the complaint, and must liberally construe the complaint in favor of Bittick.  *See id.*  This Court should not dismiss Bittick's complaint for failure to state a claim unless it appears beyond doubt from the face of her pleadings that she can prove no set of facts in support of her claim that would entitle her to relief.  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Garrett v. Commonwealth Mortgage Corp.*, 938 F.2d 592, 594 (5th Cir. 1991); *Kaiser*, 677 F.2d at 1050.  A plaintiff, however, must plead specific facts, not mere conclusory allegations, to avoid dismissal.  *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992).

The limitations period for a claim under the FCRA[2] is the *earlier* of two years after the date of discovery by the plaintiff of the violation or five years after the date on which the violation occurred.  15 U.S.C.A. § 1681p (West Supp. 2003).  Here, Bittick

---

[2]Texas applies a two-year limitations period to negligence claims.  TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon Supp. 2005).

discovered the violation and began reporting the inaccuracies in her credit reports on May 11, 2001.  Bittick filed suit on June 27, 2005.  All of the transactions Bittick raises in her complaint occurred before June 27, 2003.  Indeed, the only event in her complaint that occurred after June 27, 2003 is her additional report to the agencies that the information was incorrect.  This additional report cannot restart the limitations clock.  To do so would allow plaintiffs to indefinitely extend the limitations period by simply sending another complaint letter to the credit reporting agency.  Bittick argues that because the agencies removed the information and then put it back on her report in 2004, this is an instance of re-reporting that restarts the "two year statute of limitations clock." (Plf.'s Resp. at 3.)  This "re-report" was not alleged in her complaint, however, and cannot defeat Trans Unions's limitations argument.  Thus, Bittick's negligence[3] and FCRA claims are time-barred.

This result is the same under the limitations period as it existed before the 2003 amendments.  That provision stated that the two-year limitations period for a claim under the FCRA began when the consumer report caused injury to the consumer or when the consumer reporting agency sent the erroneous information to a potential user. *See Hyde v. Hibernia Nat'l Bank*, 861 F.2d 446, 449 (5th Cir. 1988).  Each transmission of the same credit report constitutes a separate and distinct tort to which a separate limitations period applies.  *See id.* at 450.  Thus, each transaction involving a consumer report issued by the agencies must be examined to determine whether a claim based on that transaction is time-barred.  All of the transactions Bittick raises in her complaint

---

[3]Additionally, Bittick's negligence claim is preempted by the FCRA.  *Carlson v. Trans Union, LLC*, 259 F. Supp. 2d 517, 520-22 (N.D. Tex. 2003).

3

occurred before June 27, 2003.  Thus, these claims also would be barred under the previous version of the limitations period.

Bittick's defamation claim is also time-barred.  Texas applies a one-year statute of limitations to defamation claims.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.002(a) (Vernon 2002).  The statute of limitations began to run on accrual, and accrual occurs when a wrongful act causes some legal injury.  Thus, any defamatory publications made before June 27, 2004 are barred.  As stated above, the only denials of credit raised in Bittick's complaint occurred well before June 27, 2004.

Bittick's plea for injunctive relief is improper.  Private plaintiffs cannot seek injunctive relief under the FCRA.  *See Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 268 (5th Cir.), *cert. denied*, 530 U.S. 1261 (2000).  Further, such relief in a case implicating the FCRA is not allowable under common law.  *Poulson v. Trans Union, LLC*, 370 F. Supp. 2d 592, 593 (E.D. Tex. 2005).

SIGNED February 8, 2006.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE